Isaac Winship, plaintiff in error, *vs.* William R. Phillips, defendant in error.

Where a levy was made upon personal property, and before the sale the property was, by agreement between the plaintiff and defendant, placed in the hands of a third person to be sold at private sale, and before the sale the defendant becomes a bankrupt, and the property is taken by the assignee and sold :

*Held*, that this is such a disposition of the levy, as authorizes the plaintiff in *fi. fa.* who does not prove his debt in bankruptcy, to levy his execution upon real estate upon which it is a lien, in the hands of a purchaser from the bankrupt before the bankruptcy.

Bankrupt. Execution. Levy. Before Judge Buchanan. Floyd Superior Court. July Adjourned Term, 1873.

An execution in favor of William R. Phillips, transferee, against John H. Lovejoy, was levied upon certain real estate

which was claimed by Isaac Winship. Upon the trial of the issue thus formed the following facts appeared:

This execution had previously been levied upon certain personalty. On the day of sale, by agreement between William Solomon, the then owner of the execution, and the defendant in *fi. fa.*, the property was placed in the hands of Phillips to be sold at private sale, the proceeds to be applied to the extinguishment of this debt. Before the goods were sold the defendant became a bankrupt, and the goods levied on were turned over to his assignee, under an order from the bankrupt court. Subsequently Phillips purchased the execution from Solomon, and had it levied upon the real estate above referred to, which had been conveyed by the defendant to Winship subsequent to the date of the judgment, but before his bankruptcy. This debt had never been proved in the bankrupt court.

Under these facts, the claimant insisted that the levy upon the personalty had never been properly accounted for. The court charged to the contrary. The jury found the property subject. A motion was made for a new trial, because of error in the aforesaid charge. The motion was overruled, and the claimant excepted.

ALEXANDER & WRIGHT, for plaintiff in error.

SMITH & BRANHAM; P. L. MYNATT; A. B. CULBERSON, for defendant.

McCAY, Judge.

Although there are expressions used by the judges delivering the opinions in some of the early decisions of this court, going very far towards the position contended for by the plaintiff in error, yet there is no decided case at any time sustaining those *dicta*; and, in the case of *Ryan vs. Lester*, 30 *Georgia*, 433, 439, this court reviewed the whole doctrine, and decided that if the goods levied on were shown to have been unproductive without the plaintiff's fault, the levy is accounted for.

And why not? The lien of the judgment, under our law, is upon all the property of the defendant, and does not, even as to personal property, depend on the levy. Why may not a plaintiff, therefore, levy and dismiss his levy? Who is hurt if the property goes back to the defendant? As to a surety, to whom the creditor owes a duty, there are authorities asserting a different rule, but a plaintiff in *fi. fa.* owes no duties of this kind to a purchaser from the defendant. He buys subject to the lien, and he must take care. An affirmative waiver, doubtless, would discharge the lien, but a mere failure of the plaintiff to carry into effect by sale, a levy, and permitting it to go back into the defendant's hands, is no hurt to the purchaser of another article on which the judgment has a lien. And this was the practical effect of the conduct of Solomon and the defendant as to this levy. They, by agreement, took the property out of the hands of the sheriff. It was a dismissal of the levy. The sheriff *lost control over it,* and on the bankruptcy of the defendant it became subject to the jurisdiction of the court of bankruptcy. We think, therefore, the levy was accounted for. It was dismissed, and afterwards these very assets were carried into the bankrupt court for the benefit of the defendant's estate. The dismissal was explained by showing that the property was returned to the defendant or to his assignee. Nor was Solomon bound to follow the property into bankruptcy. He had his *lien* on this land, and he had a right to rely upon it. The bankrupt act does not force one who has a lien to go into that court. If he do prove his debt, the rule seems to be that he waives his lien and consents to stand on his priority in the distribution. We are inclined to think that any creditor, and, perhaps, even the holder of a warranty deed from the bankrupt whose property is subject to a lien created by the bankrupt, might, if he could show that a judgment creditor could get his debt by going into bankruptcy, compel the creditor, by a bill there filed, to come in. But, if he did so, he probably would have to bring his property in and take his equities with all the creditors. The mere failure of a judgment creditor to collect his debt out

of his debtor's property until it is exhausted, even by younger liens, does not affect his right to go on property sold by the debtor upon which his judgment is a lien.

We do not go into the other points in this record. If this personal property levy was accounted for, the verdict is right, since the lien is good against the land even though the sale was *bona fida*. We are not prepared to say that the failure to prove this judgment in bankruptcy waives its lien on this land, even though it should appear that it was older and higher than any other lien. The other claims in bankruptcy have their rights, and *it might be* inequitable to permit the holder of this judgment to sweep the assets when it could be satisfied out of this land. The presumption is, *prima facie*, that the present claimant looked to this judgment when he bought, and paid less for the land in consequence. These would all be questions for the federal court. Besides, it does not affirmatively appear that this judgment would be the highest in rank. The date of the $10,000 00 claim of a lien by Philips does not appear, and it is not for Philips to show that his judgment was not the highest in rank. For these reasons we affirm the judgment refusing a new trial.

Judgment affirmed.